**Benjamin Maximo MORGAN–FLORES, et al.,**
**Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
**Respondent.**

No. 02–70638.
INS Nos. A74–352–211, A70–951–129, A70–951–130.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2003.*

Decided March 31, 2003.

Before PREGERSON, THOMAS, Circuit Judges, and OBERDORFER, District Judge.**

MEMORANDUM***

Petitioners Benjamin Maximo Morgan–Flores ("Morgan–Flores"), his wife Betty Morgan, and their daughter Janice Juriely Morgan (collectively, "Petitioners"), natives and citizens of Peru, petition this court for review of the final order of the Board of Immigration Appeals ("BIA") denying their request for asylum and withholding of deportation. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by Section 309 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996). We review the BIA's denial of asylum for substantial evidence, and we must uphold the BIA's decision unless the evidence compels a contrary result. *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000). We deny the petition.

**A. Past Persecution**

Substantial evidence supports the BIA's conclusion that Morgan–Flores failed to demonstrate past persecution. The facts of this case, considered individually and cumulatively, do not compel the conclusion that Morgan–Flores's encounters with the government rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000); *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995). Even if the actions taken against Morgan–Flores did amount to persecution, it is unclear whether the alleged persecutors hurt him "on account of" an enumerated ground. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The fact that Morgan–Flores was hit by an officer during a large protest does not compel the conclusion that he was singled out on account of his political opinion, or his membership in the Democratic Restoration Group ("DRG").

**B. Well–Founded Fear of Future Persecution**

An applicant may qualify for asylum by establishing a well-founded fear of future

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc). The objective component requires that an alien point to "credible, direct, and specific evidence in the record ... that would support a reasonable fear of persecution." *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (citations omitted).

The evidence in this case does not compel the conclusion that Morgan–Flores had an objectively reasonable fear of future persecution. Morgan–Flores claims that he will be persecuted in the future because of his political opinion, his membership in the DRG, and his familial relationship to General Luis Soriano Morgan. However, Petitioners have presented no evidence that the Peruvian government (or any other entity) continues to have an interest in the DRG. Furthermore, Morgan–Flores has presented no evidence that the government has sought him out since 1992, or has any continued interest in him individually. As for the relationship with General Soriano Morgan, Morgan–Flores has not shown any evidence that his alleged persecutors drew any connection between him and General Soriano Morgan, or between the political activities the two men were engaged in. Even if such connection existed, the government's interest in questioning Morgan–Flores would appear to constitute legitimate prosecution and would not qualify as a form of persecution. *See, e.g., Chanco v. INS*, 82 F.3d 298, 301 (9th Cir. 1996).

## C. Withholding of Deportation

Because the standard for withholding of deportation is higher than the standard for a grant of asylum, Petitioners' failure to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

satisfy the lesser standard of proof necessarily requires that we affirm the BIA's denial of withholding of deportation. *Fisher*, 79 F.3d at 965.

The petition for review is **DENIED**.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.